**David N. BERKS, Appellant,**

v.

**UNITED STATES of America, Samuel K. Spaise, Appellees.**

**No. 86–5293.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1987.

Decided Aug. 6, 1987.

Jay B. Kelly, Minneapolis, Minn., for appellant.

Laurie A. Snyder, Washington, D.C., for appellees.

Before HEANEY, BOWMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

The sole issue in this appeal is whether the district court erred in denying plaintiff-appellant David N. Berks' motion for litigation costs and attorney's fees under 26 U.S.C. § 7430. We remand the case to the district court for further findings.

The underlying cause of action in this case involved a claim by Berks for a refund of taxes paid pursuant to an assessment by the Internal Revenue Service ("IRS") under 26 U.S.C. § 6672. Berks instituted the suit after the IRS administratively denied his request for an abatement of the assessment. Following a five day trial, a jury returned a verdict in favor of Berks and against the government. This verdict has not been challenged. Subsequent to trial, the district court entered an order denying Berks' motion for litigation costs and attorney's fees under 26 U.S.C. § 7430. Berks appeals from this order.

Under section 7430, a "prevailing party" may be awarded a judgment for reasonable litigation costs incurred in a civil proceeding in federal court for a refund of taxes if the party substantially prevails and establishes that the position of the United States in the civil proceeding was unreasonable. *See* 26 U.S.C. § 7430(c)(2)(A)(i), (ii). In ruling on Berks' motion, the court noted that the parties did not dispute that Berks was a "prevailing party" under subsection 7430(c)(2)(A)(ii). The court denied Berks' motion on the ground that the United States' position in the civil proceedings was not unreasonable:

> While the court could easily find that the position of the United States in the administrative proceedings involving Berks was unreasonable, the court cannot similarly find that the position of the United States in the civil proceeding was unreasonable. Upon review of the civil proceeding, the court cannot say that the position of the United States was unreasonable.

This court, in reviewing the district court's denial of fees and costs, is limited to examining whether the court abused its discretion. In this case, whether the court abused its discretion necessitates an inquiry into whether the government's position at trial was in fact reasonable—a determination that requires us to examine both the underlying facts and law upon which the court based its decision. The district court's bald conclusion, without any explanation of the facts or law upon which its conclusion was based, however, provides us with no findings upon which a meaningful review can be conducted. Although both parties have attempted to interpret the district court's holding and supply their versions of the relevant facts and law either supporting or contradicting the holding, we cannot be guided by such interpretations in the absence of express findings by the district court; it is the district court that has the sole responsibility to make findings of fact and conclusions of law supporting its decision.

Accordingly, we remand this case to the district court to make and issue those findings of fact and conclusions of law which it relied upon in holding that the United States' position at trial was not unreasonable. If the parties decide that an appeal is still warranted, we will address their contentions at that time.