**In re Petition of United States of America to Perpetuate the TESTIMONY OF ARTHUR ANDERSEN & CO. and Warner Computer Systems.**

**Charles MILLER, Petitioner–Appellant,**

v.

**Appeal of Hill A. WHEATLEY.**

**No. 86–2219.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1987.

Lewis H. Mathis, Little Rock, Ark., for appellant.

William Whitledge, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Hill A. Wheatley (Wheatley) appeals from the district court's order denying his motion for attorneys' fees and costs under 26 U.S.C. § 7430.[1] We reverse and remand.

Wheatley invested in commodity forward contracts through First Western Government Securities, Inc. (First Western), a company that the Internal Revenue Service (IRS) had identified as a promoter of abusive tax shelters. Allegedly, First Western arranged "straddle" transactions in which investors simultaneously held contracts to buy and contracts to sell mortgage participation certificates. Because the IRS believed that these investments were motivated solely by tax considerations and could not reasonably lead to a profit, it disallowed losses that Wheatley claimed on his 1980 federal income tax return in connection with his investments at First Western. After Wheatley paid the additional tax the IRS denied his refund claim, leaving him free to initiate tax refund litigation against the IRS.

On October 4, 1985, in anticipation of Wheatley's potential suit, the IRS filed a petition under Fed.R.Civ.P. 27 to perpetuate First Western's business and customer transaction records which were stored on magnetic tape at Warner Computer Systems (Warner) and which were also in the possession of Arthur Andersen & Co. (Arthur Andersen), First Western's auditor. The IRS's petition sought the transactional data of the entire population of investors, claiming that the records of just one investor would not unmask the complicated methodology First Western employed in its commodity forward contract straddle scheme. The IRS expressed concern that the records sought would be destroyed before other investors initiated refund suits.

The district court denied the IRS's petition, finding that the IRS was attempting to learn whether it had a defense to anticipated tax refund suits of First Western investors, rather than perpetuating evidence already known. The court found no genuine threat that the records would be lost or destroyed. It rebuked the IRS for "engaging in the most flagrant form of forum-shopping." Mem. op. at 9. Previously, three other forums had denied the IRS access to the documents it requested in the Rule 27 petition. First, the Ninth Circuit had stayed a California district court enforcement order of administrative summonses issued to First Western and an affiliate, Samuels, Kramer & Co., seeking

1. The award of attorneys' fees in tax litigation commenced on or after January 1, 1986, is governed by the Tax Reform Act of 1986, Pub.L. 99–514, 100 Stat. 2752, 2753. This case was commenced on October 4, 1985, and is thus governed by the Tax Equity and Fiscal Responsibility Act, Pub.L. No. 97–248, 96 Stat. 324.

the same records.[2] *United States v. Samuels, Kramer and Co.,* 712 F.2d 1342 (9th Cir.1983). Second, the United States Tax Court, which is hearing ten test cases which will be dispositive of the tax deficiencies of 1,400 First Western investors, quashed a subpoena duces tecum the IRS issued to First Western and Warner seeking all of First Western's customer records. *Freytag v. Comm'r,* Docket No. 4934–82 (Nov. 28, 1984). The IRS's third attempt to gain access to all of First Western's customer records occurred when it requested that a New Jersey district court issue a subpoena duces tecum to Warner. *Fricks v. United States,* Civ. No. 85–276 (D.C.N.J. 1985). This discovery request was ancillary to a First Western investor's tax refund suit commenced in a Texas district court. *Fricks v. United States,* Civ. No. H–84–4615 (S.D.Tex. Houston Div.1985). After the Texas district court granted the taxpayer's motion to dismiss with prejudice and denied the IRS's motion to reinstate to conduct discovery, the New Jersey district court quashed the subpoena issued to Warner.

It was in the light of these previous rulings in other forums that the district court denied the IRS's petition seeking access to First Western's records at Warner and Arthur Andersen. The court did order, however, that Arthur Andersen and Warner preserve the integrity of the records. Subsequently, the district court denied Wheatley's motion under 26 U.S.C. § 7430 for attorneys' fees and costs in the amount of $9,964.11.

■ The sole issue in this appeal is whether the district court erred in not awarding Wheatley attorneys' fees and costs. In reviewing a denial of fees under 26 U.S.C. § 7430, we will reverse only if the district court abused its discretion. *Berks v. United States,* 825 F.2d 1262, 1263 (8th Cir.1987).

Section 7430 of the Internal Revenue Code authorizes the award of reasonable litigation costs, up to $25,000, to the party who substantially prevails in civil tax litigation in federal court. 26 U.S.C. § 7430(a) and (b). To prevail, the taxpayer must show (1) that he has exhausted his administrative remedies, (2) that the position of the IRS was unreasonable, and (3) that he has substantially prevailed on the most significant issue. 26 U.S.C. § 7430(b) and (c).[3] The IRS concedes that Wheatley substan-

---

2. IRS summonses are not self-enforcing. A district court will enforce an administrative summons only after the agency has established that it acted in a good faith pursuit of the purposes authorized by Congress. *United States v. Samuels, Kramer and Co.,* 712 F.2d 1342, 1344 (9th Cir.1983). To establish good faith, the government must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commission's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964).

In *Samuels, Kramer and Co.,* the Ninth Circuit determined that First Western had alleged facts sufficient to refute the IRS's *Powell* showing of good faith and was entitled to an evidentiary hearing. *Id.* at 1347. On remand, the action was consolidated with an enforcement proceeding against Arthur Andersen. On November 7, 1983, the Ninth Circuit stayed enforcement of the summonses. In May 1985, the Ninth Circuit refused to vacate the stay order, and it remains in effect.

3. Sec. 7430 provides in pertinent part:
"(b) LIMITATIONS.—

* * * *
"(2) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED.—A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.
* * * *
"(c) DEFINITIONS.—For purposes of this section—
* * * *
"(2) PREVAILING PARTY.—
"(A) IN GENERAL.—The term 'prevailing party' means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—
"(i) establishes that the position of the United States in the civil proceeding was unreasonable, and
"(ii)(I) has substantially prevailed with respect to the amount in controversy, or
"(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

tially prevailed and that the exhaustion of the administrative remedies requirement is irrelevant in this case. Therefore, the only question is whether the IRS's position was unreasonable. The district court concluded that "to the extent that the government sought to obtain the entire file of First Western's investor population" its litigation posture was unreasonable. Mem. op. at 1–2. Nevertheless, the court denied Wheatley's motion for attorneys' fees because it found that the IRS was justified in seeking to protect the records. Wheatley argues that the IRS's position was unreasonable because the most significant issue in the case was the IRS's request for immediate access to documents, not preservation of the documents. Wheatley further argues that the documents were already protected under the Ninth Circuit stay order.

▄ The term "unreasonable" is not defined in section 7430. The legislative history of the Tax Equity and Fiscal Responsibility Act of 1982 shows that Congress intended the courts to consider the following factors in determining whether the IRS's position is unreasonable:

(1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant.

*Kaufman v. Egger,* 584 F.Supp. 872, 878 (D.Maine 1984) (citing H.R.Rep. 97–404, 97th Cong., 2d Sess. 12 (1982)). Courts should consider all the facts and circumstances surrounding the proceeding. *DeVenney v. Comm'r,* 85 T.C. No. 55 (1985).

▄ We have held that it would not be unreasonable for the government to pursue litigation to establish a conflict among the United States Courts of Appeals. *Keasler v. United States,* 766 F.2d 1227, 1235 (8th Cir.1985) (citing Technical Explanation of Committee Amendment, 127 Cong.Rec. S15577, S15594 (daily ed. Dec. 16, 1981)). The IRS, however, does not contend that it filed the Rule 27 petition to create a conflict among the circuits. Rather, it argues that no previous court ruling had ordered preservation of the records and that thus it acted reasonably in seeking such relief. We are not persuaded.

The primary focus of the IRS's petition was to acquire access to the records, not to preserve them. The petition sought the transactional data of the entire population of investors. The district court sua sponte ordered preservation of the records, even though it found that "[c]ounsel for First Western has stated under oath that the records will not be destroyed. * * * [T]here is no genuine threat that the testimony will be lost to a prospective litigant." Mem. op. at 9. Had the IRS been genuinely concerned about preservation of the documents, it could have filed a Rule 27 petition in the Ninth Circuit. Instead, it approached a new forum and attempted to obtain access to the customer records from Arthur Andersen and Warner, rather than from First Western directly. Furthermore, although the Ninth Circuit did not specifically order preservation of the records, First Western understood that the stay order could be lifted and that it would be in contempt of court if it destroyed the records.

▄ The district court unequivocally found that because the IRS had been denied access to the records in other forums, the IRS's renewed request for access to the records was unreasonable. Although the court determined that the IRS was justified in its concern for preservation of the records, we conclude that justification on a minor issue should not defeat an award of attorneys' fees to a taxpayer who has prevailed on the most significant issue. A contrary ruling would defeat the legislative intent to " 'deter abusive actions and overreaching by the Internal Revenue Service and * * * enable individual taxpayers to vindicate their rights regardless of their economic circumstances.' " *Kaufman v. Egger,* 584 F.Supp. 872, 879 (D.Maine 1984). Here, Wheatley was brought into court because the IRS anticipated that he might institute tax refund litigation. The

IRS improperly attempted to use Wheatley as a means to obtain all of First Western's customer transaction records. The IRS's position was clearly unreasonable in the light of its unsuccessful attempts to gain access to the documents in other forums.

Accordingly, we hold that because the IRS's position was unreasonable on the most significant issue—access to the documents—Wheatley is entitled to recover his attorneys' fees and costs. The judgment is reversed and the case is remanded to the district court for the determination of the amount Wheatley is due.