William J. CRESKE and Charlene A. Creske, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–2300.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1990.

Decided Feb. 20, 1990.

David C. Keating, Gerald S. Walsh, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for petitioners-appellants.

Laura Marie Conley O'Hanlon, Gary R. Allen, Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, U.S. Tax Court, Peter K. Scott, I.R.S., Gilbert S. Rothenberg, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before POSNER, RIPPLE, and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

This is an appeal from the tax court's denial of the appellants' motion for litigation costs. The appellants instituted this action on July 6, 1987, challenging the IRS's determination of an income tax deficiency. The tax court consolidated this case with two other related cases (Mr. Creske's father and his company, Wausau Tile). After taking evidence, the court ruled in favor of the appellants. On January 17, 1989, the appellants filed a motion for litigation costs pursuant to 26 U.S.C. § 7430. The tax court denied this motion on January 23, 1989 without stating the reasons for its decision. The appellants filed a motion to reconsider on February 23, 1989. On April 10, 1989, the tax court issued an order that declared that there were no deficiencies in income tax and once again denied the motion for litigation costs without explanation.[1] We vacate the judgment and remand the case to the tax court.

I

The facts in the underlying tax litigation are not in dispute. Mr. Creske was employed by Wausau Tile and Wausau Transportation, both corporations solely owned by his father. As part of his compensation package, Mr. Creske received annual bonuses, paid not in cash but in interest-bearing promissory notes of the company. On January 1, 1983, the balance due under these notes was $146,172.10. Mr. Creske and his wife began to build a house in 1983. In order to pay down part of the outstanding promissory notes, Wausau tile—with Mr. Creske's father's approval—paid for the lot and many of the construction bills as they became due.

The tax difficulty arose because several of the construction invoices were charged as ordinary and necessary business expenses of Wausau Tile, and not as personal expenses of Mr. Creske to be deducted from his notes.[2] The IRS discovered this discrepancy and issued Mr. Creske and his wife a statutory notice of deficiency. The IRS also issued notices to Mr. Creske's father and to Wausau Tile. The notice of deficiency to the father was based on the theory that the sums incorrectly charged as expenses to the company were in actuality constructive dividends.[3] As an alternative theory, the notice of deficiency sent to the Creskes alleged that Mr. Creske had embezzled the funds. The notice also alleged civil fraud penalties against the Creskes.

On February 22, 1988, the Milwaukee Appeals Office for the IRS notified the Creskes that their case (and the others) was being referred to District Counsel for trial. On February 29, District Counsel agreed to amend his answer to concede the civil fraud penalties. After a consolidated trial, the tax court determined that the Creskes were credible witnesses and found that the failure to charge the personal expenses against his note was due to "inherent inadequacies in Wausau Tile's bookkeeping department," not embezzlement. *William J. Creske v. Commissioner*, 56 T.C.M. (CCH) 878, 883 (1988). Accordingly, the tax court determined that there were no deficiencies in income tax or additions to tax due for Mr. and Mrs. Creske.

Following this decision, the Creskes moved for litigation expenses pursuant to 26 U.S.C. § 7430. Under that statute, a taxpayer must show that the Commissioner's position in the litigation was "substantially unjustified." 26 U.S.C.

---

1. The tax court had issued an order on March 10, 1989 that did not include the disposition of the litigation costs issue. The court subsequently determined that 26 U.S.C. § 7430(e) required it to indicate in its decision its disposition of the request for litigation costs. Thus, the April 10 order specifically vacated the March 10 order.

2. The mischarged invoices totalled $42,755 in 1983 and $16,696 in 1984. *William J. Creske v.*

*Commissioner*, 56 T.C.M. (CCH) 878, 881 (1988). The tax court noted, however, that a total of $65,137 *was* deducted from his notes. *Id.* at 882.

3. The father eventually won his case, but Wausau Tile was found liable for additional taxes. These cases are not part of this appeal.

§ 7430(c)(4)(A)(i). The Creskes asserted that three positions taken by the Commissioner were unreasonable: (1) the refusal to concede the fraud penalty until two weeks before trial; (2) the assertion of a negligence penalty for the first time *after* trial; and (3) the continued assertion of an embezzlement charge despite statements by Mr. Creske's father that he approved the expenditure of company funds for Mr. Creske's personal expenses.

## II

The standard of review applied to section 7430 cases is "abuse of discretion." *Zinniel v. Commissioner of Internal Revenue*, 883 F.2d 1350, 1355 (7th Cir.1989); *cf. Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (applying abuse of discretion standard to determination whether an action is "substantially justified" in context of request for litigation costs under Equal Access to Justice Act). While review under an abuse of discretion standard is deferential, it "must still be a meaningful review." *Zinniel*, 883 F.2d at 1357; *cf. Kraemer v. Grant County*, 892 F.2d 686, 689 (7th Cir.1990) (noting in Rule 11 sanctions case that "deferential review is different from no review at all, even when there is no controlling legal issue in the case").

When reviewing a judgment by the tax court under the abuse of discretion standard, we focus "on the reasons given by that court for its determination that the Commissioner's position was not unreasonable." *Zinniel*, 883 F.2d at 1356. In order for this court to conduct its review of the tax court's judgment, the record must present an adequate manifestation of the reasoning of the court in denying litigation costs. While our review of the determination of the tax court may be informed by reference to the opinion in the underlying deficiency litigation, *id.* at 1357, this does not obviate the need for a reasoned explanation regarding the issue of litigation costs.

The record before us does not present us with such a reasoned explanation. The tax court merely stamped "motion for litigation costs denied" on the motion papers and incorporated that decision, without further explanation, in its final judgment. Likewise, the court's opinion in the underlying tax dispute provides us with no adequate manifestation of the basis for its decision. In fact, while we certainly intimate no view on the merits, some of the statements in the court's opinion in the underlying deficiency litigation appear to support the position of the Creskes on the matter of litigation costs.[4] Consequently, we cannot determine from the record as presented to us the basis of the tax court's decision to deny the Creskes' motion for litigation costs. Accordingly, we vacate the judgment and remand to the tax court with instructions to set forth its reasons for denying the taxpayers' motion for litigation costs.

VACATED AND REMANDED WITH INSTRUCTIONS

---

4. For instance, the tax court noted that the amounts actually deducted from Mr. Creske's account indicated that he "intended to pay for all his construction expenses as they were incurred." *William J. Creske*, 56 T.C.M. (CCH) at 882. Indeed, the tax court acknowledged that the taxpayers "did not attempt to conceal any of [Mr. Creske's] personal expenses from [the IRS] during audit," and that Mr. Creske was "forthright and credible." *Id.* at 883.