Seini LITI; Kolotolu Liti, Petitioners–
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 01–71259.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Filed May 8, 2002.

A. Lavar Taylor, Law Offices of A. La-
var Taylor, Santa Ana, California, for the
petitioners-appellants.

Joel McElvain and Angelo G. Spenillo,
Attorneys, Tax Division, Department of
Justice, Washington, D.C., for the respon-
dent-appellee.

Before: REINHARDT and GRABER,
Circuit Judges, and HUNT,* District
Judge.

HUNT, District Judge:

Seini and Kolotolu Liti ("the Litis") ap-
peal the denial of their motions for litiga-
tion costs and sanctions against the Com-
missioner of Internal Revenue ("CIR").
The Litis assert that the Tax Court erred
in denying their motion for litigation costs,
filed pursuant to Internal Revenue Code
§ 7430, 26 U.S.C. § 7430. The Litis also
contend that the Tax Court erred in sum-
marily denying their motion for sanctions
against the CIR, pursuant to I.R.C.
§ 6673, 26 U.S.C. § 6673(a)(2). The Litis

---

* The Honorable Roger L. Hunt, United States
District Judge for the District of Nevada, sit-
ting by designation.

argue that the Tax Court erred by holding that the IRS was "substantially justified" in filing fraud charges against the Litis, thus preventing an award for litigation costs and sanctions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an IRS audit of the Litis' 1995 and 1996 federal income tax returns. In November 1997, the IRS began an audit of the Litis' 1995 income tax return and later expanded the audit to include their 1996 return. The Litis met with the IRS auditor at their home and provided bank statements from three accounts they used: 1) a business checking account; 2) a personal checking account; and 3) a savings account.

During the audit, the IRS auditor discovered a discrepancy between the total bank deposits and the amounts of gross receipts reported on the Litis' returns. The Litis' gross receipts turned out to have been understated. The Litis calculated their gross receipts on their tax returns from the total amounts deposited to their business checking account. This was done based upon Mrs. Liti's purported understanding that only amounts deposited to the business checking account had to be included on the tax returns. After determining the amount of additional taxes owed by the Litis, the IRS auditor proposed that the Litis be liable for the penalty of fraud (75% of the tax due) under 26 U.S.C. § 6663. The Litis agreed to the additional taxes due, but disputed the IRS's claim of fraud and filed an administrative appeal.

The IRS considered three witness statements submitted on behalf of the Litis, but did not dismiss the fraud penalty. The IRS then issued a notice of deficiency concerning the fraud penalty. The Litis proceeded to file a petition with the United States Tax Court, opposing the IRS's determination of fraud. After a one-day bench trial, Judge Maurice Foley rendered an oral decision in favor of the Litis on the issue of fraud.

Specifically, Judge Foley found that the government's "attempt to establish fraudulent intent fell far short of its mark. [The government's witnesses] provided testimony that was vague, rambling, unconvincing, and not credible. On the other hand, [the Litis'] testimony was consistent and credible. Their testimony established that [the Litis] were unsophisticated and negligent in their failure to properly report their income and expenses."

Subsequently, counsel for the Litis filed two separate, but identical, motions for litigation costs—one for Mr. Liti and the other for Mrs. Liti. The IRS filed a written opposition to the motions, with the Litis filing a joint reply. Based in part upon the contents of the IRS's opposition, the Litis also filed a motion for sanctions pursuant to 26 U.S.C. § 6673(a)(2). The Tax Court issued a written order denying the Litis' motions for litigation costs. The Tax Court stated that the IRS's position was "substantially justified" and had a reasonable basis in law and fact. Additionally, the Tax Court denied the motion for sanctions stating that, because of the "substantially justified" position of the IRS, the Litis were not entitled to sanctions pursuant to 26 U.S.C. § 6673(a)(2). The Litis now appeal.

## II. STANDARD OF REVIEW

■■■ The Tax Court's decision to grant or deny litigation and administrative costs under 26 U.S.C. § 7430's "substantial justification" requirement is reviewed for abuse of discretion. *Huffman v. Comm'r*, 978 F.2d 1139, 1148 (9th Cir.1992). We review a district court's award or denial of attorneys' fees for an abuse of discretion and "reverse only if we have a definite and

firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *TKB Int'l, Inc. v. United States,* 995 F.2d 1460, 1468 (9th Cir. 1993). The Tax Court's decision to award sanctions under 26 U.S.C. § 6673 is also reviewed for abuse of discretion. *Sandvall v. Comm'r,* 898 F.2d 455, 459 (5th Cir. 1990).

## III. DISCUSSION

The Litis make two arguments on appeal: (1) that the Tax Court abused its discretion by finding that the government's litigating position was substantially justified, and (2) that we should vacate the Tax Court's denial of their motions for fees and sanctions because the motions were denied without a statement of reasons. Because we agree with the Litis' second argument, we do not reach the first.

■ The Ninth Circuit has not addressed the question whether the tax court must make findings in support of a determination under I.R.C. § 7430, 26 U.S.C. § 7430, that a prevailing party is (or is not) entitled to litigation costs. However, two fellow circuits have addressed the issue and concluded that a court of appeals cannot review sparse, conclusory statements by the tax court stating only that litigation costs are denied to a party who prevails against the IRS. *Zinniel v. Comm'r,* 883 F.2d 1350 (7th Cir.1989); *Creske v.. Comm'r,* 896 F.2d 250, 252 (7th Cir.1990); *Berks v. United States,* 825 F.2d 1262 (8th Cir.1987).

When reviewing a judgment by the tax court under the abuse-of-discretion standard, the appellate court is to focus "on the reasons given by that court for its determination that the Commissioner's position was not unreasonable." *Zinniel,* 883 F.2d at 1356. In *Creske,* the tax court judge merely stamped the motion papers "motion for litigation costs denied" and

gave no other explanation. 896 F.2d at 252. The Seventh Circuit determined that even a deferential standard of review "does not obviate the need for a reasoned explanation regarding the issue of litigation costs" and remanded the case with instructions for the tax court to set forth its reasons for denying litigation costs. *Id.*

The Eighth Circuit also adopted this reasoning in *Berks,* holding that an inquiry into the government's position at trial requires the court to examine the underlying facts and law. "The district court's bald conclusion, without any explanation of the facts or law upon which its conclusion was based, however, provides us with no findings upon which a meaningful review can be conducted." 825 F.2d at 1263.

We believe it is both prudent and faithful to our own analogous precedents to join the Seventh and Eighth Circuits in holding that a lower court must explain its reasons for granting or denying a § 7430 motion for litigation costs. In order for us to conduct meaningful appellate review, the lower court needs to explain the reasons for the decision under review. *See, e.g., United Nat'l Ins. Co. v. R & D Latex Corp.,* 141 F.3d 916, 919 (9th Cir.1998) ("meaningful appellate review for abuse of discretion is foreclosed when the district court fails to articulate its reasoning"); *Georgiu v. INS,* 90 F.3d 374, 378 (9th Cir.1996) (per curiam) ("For this court to review the BIA's decision, we must have *some* idea of the factors the BIA considered in assessing the evidence of rehabilitation and the weight the BIA accorded that evidence").

Although we could review the record and speculate on which reasons the court below found persuasive, doing so would merely substitute our reasons for those of the Tax Court. Our duty is to review the reasonableness of the Tax Court's reasoning, not try to divine its nature or sub-

stance. While the record may contain ample evidence upon which the court below could have based its opinion, we make no judgment on the merits in advance of receiving an explanation by the Tax Court of which elements of the record it found persuasive. The opinion of the Tax Court in this case is sparse, at best, and must be remanded for a more reasoned explanation for denying litigation costs. Without such a reasoned explanation, this court is unable to conduct meaningful appellate review.

The reasoning set forth in this opinion applies equally to the I.R.C. § 6673 motion for sanctions, which was also denied without explanation. Therefore the rulings on both motions are vacated and remanded to the Tax Court so that it may issue rulings accompanied by a statement of reasons.

VACATED and REMANDED. Each party to bear its own costs on appeal.