T.C. Memo. 2003-23

UNITED STATES TAX COURT

KOLOTOLU V. AND SEINI LITI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2404-00.                     Filed January 27, 2003.

A. Lavar Taylor, for petitioners.

Louis Jack, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  This matter is before the Court on remand
from the Court of Appeals for the Ninth Circuit for further
consideration consistent with its opinion in Liti v.
Commissioner, 289 F.3d 1103 (9th Cir. 2002) (vacating and
remanding this Court's order and decision, dated May 24, 2001,
denying petitioners' request for litigation and administrative

costs and imposition of sanctions against respondent).  The Court

of Appeals for the Ninth Circuit determined that it could not

review this Court's order and decision because such order and

decision was unaccompanied by a statement of reasons.

## Background

Petitioners were born in a farming community in Tonga.  In

the late 1970s, petitioners moved to the United States, learned

English, and began a lawn-cutting business.  The lawn-cutting

business grew into a landscaping business, Best Landscape and

Brickwork, which relied heavily on the labor of migrant workers,

who received cash payments, and Mr. Liti.  Mrs. Liti was in

charge of the administrative aspects of the business.  Prior to

assuming those duties, Mrs. Liti worked in the accounting

department of a church where she was responsible for typing

checks and filing.  She did not have significant accounting

experience, and her bookkeeping skills were poor.  Petitioners

routinely failed to account for certain income and expenses.

By notice dated December 8, 1999, respondent determined

additions to tax and section 6663[1] penalties in petitioners' 1995

and 1996 Federal income taxes.  At trial, respondent contended

that petitioners, in violation of section 6663, intended to evade

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at relevant times, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

taxes they knew to be owing. Respondent's position was based on petitioners' omissions of gross income from their 1995 and 1996 Federal income tax returns. Respondent, who did not believe petitioners' explanations for such omissions, reasoned that petitioners' tax deficiencies could not be due to mere negligence because petitioners had enough business acumen to operate a successful business and acquire real estate and other investments. The Court, however, found petitioners to be credible. The tax deficiencies were due to petitioners' negligence and lack of sophistication rather than any intent to avoid taxes. Petitioners did not intend to conceal income, mislead respondent, or prevent the collection of income tax. Accordingly, in a bench opinion rendered on October 17, 2000, we held that respondent failed to adequately establish that the underpayments of petitioners' taxes were due to fraud.

On December 12, 2000, the Court filed petitioner Kolotolu Liti's motion for litigation and administrative costs and petitioner Seini Liti's motion for litigation and administrative costs and ordered respondent to file objections to petitioners' motions. On February 20, 2001, the Court filed respondent's objection to petitioners' motions for litigation and administrative costs. On March 15, 2001, the Court filed petitioners' reply of Seini Liti and Kolotolu Liti to respondent's objection to Seini Liti's motion for litigation and

administrative costs.  On March 15, 2001, the Court filed petitioners' motion for sanctions.

On May 24, 2001, the Court issued an order and decision denying all of petitioners' motions.  Petitioners, on July 20, 2001, filed a notice of appeal from the decisions of this Court. On May 8, 2002, the Court of Appeals for the Ninth Circuit vacated this Court's May 24, 2001, order and decision and remanded such order for further explanation.

## Discussion

The prevailing party in a Tax Court proceeding may recover litigation costs.  Sec. 7430(a); Rule 231.  Petitioners will not be treated as the prevailing party if respondent's position was substantially justified (i.e., had a reasonable basis in law and fact).  Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988).  For the following reasons, we conclude that respondent's position relating to the section 6663 fraud penalty was substantially justified.

Evidence of fraud may include substantial understatement of income, failure to maintain adequate books and records, dealing in cash, failure to cooperate with tax authorities, and implausible or inconsistent explanations of behavior.  See, e.g., Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992).  The record established that petitioners underreported income for 2 years, deposited business funds in their personal bank accounts,

failed to maintain records, paid numerous workers with cash, and failed to provide their return preparer with full and accurate information. Respondent contended that these facts, among others, indicated that petitioners intended to evade taxes they knew to be owing.

Prior to the presentation of witnesses, the uncontested facts of the case laid the foundation for a finding of fraud. Petitioners' intent was the primary issue at trial. Respondent, who had the burden of proof, proffered witnesses who presented rambling, inconsistent, and unconvincing testimony. Conversely, the testimony of petitioners and their witnesses was credible and established that petitioners were careless and inattentive but did not intend to evade taxes. Simply put, respondent had a reasonable basis for not believing petitioners, but the evidence presented at trial established that respondent was wrong. Notwithstanding the shortcomings of respondent's case at trial, respondent's position was substantially justified. Accordingly, petitioners are not entitled to an award of litigation and administrative costs pursuant to section 7430.

Section 6673(a)(2) allows the Court to sanction an attorney who has unreasonably and vexatiously multiplied the proceedings in any case. Because we conclude that respondent's position was substantially justified, we also conclude that petitioners are

not entitled to an award of sanctions pursuant to section 6673(a)(2).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.