Greg MCINTOSH; Sheila R. McIntosh,
Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.

No. 02–70190.
Tax Court No. No. 15076–99.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2003.[*]

Decided March 7, 2003.

Before T.G. NELSON, SILVERMAN,
and MCKEOWN, Circuit Judges.

MEMORANDUM[**]

Taxpayers (Greg and Sheila McIntosh) appeal the order of the United States Tax Court denying their motion for an award of administrative and litigation costs pursuant to 26 U.S.C. § 7430. We review the denial of administrative and litigation costs for abuse of discretion. *In re Yochum*, 89 F.3d 661, 670 (9th Cir.1996).

As the prevailing party in an action to collect taxes, the Taxpayers are entitled to their reasonable costs unless the United States was "substantially justified" in its position. 26 U.S.C. § 7430(a), (c). "Substantially justified" means "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), and that has a basis in both law and fact, *Marlar, Inc. v. United States*, 151 F.3d 962, 970 (9th Cir.1998). However, the Taxpayers still bear the initial burden of proving their entitlement to any claimed deductions. *Smith v. Comm'r*, 300 F.3d 1023, 1029 (9th Cir.2002). The Internal Revenue Service ("IRS") may not only reasonably oppose Taxpayers' position until they provide substantiation for their claimed deductions, *see, e.g., Mattingly v. United States*, 939 F.2d 816, 820 (9th Cir. 1991), but also thereafter so that the information may be verified, *Amann v. Comm'r*, T.C. Memo.1993–542 (citing *Sokol v. Comm'r*, 92 T.C. 760, 765 n. 10, 1989 WL 30432 (1989)).

The IRS's position was substantially justified given that the information Taxpayers supplied to the IRS in response to the Information Document Requests ("IDR") was in disarray, and the final supporting documentation was not given to the IRS until two months after the IRS issued its notice of deficiency. Upon verifying the documentation, the IRS quickly settled the case a few months later.

The IRS also diligently investigated this case by contacting third parties, submitting numerous IDRs, and engaging in several conferences with Taxpayers and their accountant. This is not a case where the IRS adopted a position without any basis in fact to support that position. The record also reveals that Taxpayers were sufficiently informed about the IRS's objections to their claimed deductions and the reasons for the challenge.

Finally, the tax court's order is sufficiently detailed so that we can determine its reasonableness without the need to "di-

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vine its nature or substance." *Liti v. Comm'r,* 289 F.3d 1103, 1105 (9th Cir. 2002); *see also, Leonard Pipeline Contractors, Ltd. v. Comm'r,* 142 F.3d 1133, 1135 (9th Cir.1998). The decision is thorough and exhaustive, and allows us to "conduct meaningful appellate review." *Liti,* 289 F.3d at 1106. We are not persuaded by Taxpayers' argument that the tax court did not consider their arguments upon reconsideration. The facts remained the same and simply because the tax court's decision did not change does nothing to undermine its consideration of Taxpayers' arguments nor does it affect our charge to "review the reasonableness of the Tax Court's reasoning." *Liti,* 289 F.3d at 1105.

**AFFIRMED.**