Seini **LITI**; Kolotolu Liti, Petitioners–
Appellants,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 03–71398.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 24, 2003.[*]

Decided Dec. 19, 2003.

A. Lavar Taylor, Esq., Law Offices of A.
Lavar Taylor, Santa Ana, CA, for Petition-
er.

Charles S. Casazza, Clerk, U.S. Tax
Court, B. John Williams, Jr., Esq., Joel
McElvain, Esq., Eileen J. O'Connor, Esq.,
U.S. Department of Justice, Washington,
DC, for Respondent.

Before: REINHARDT and GRABER,
Circuit Judges, and HUNT,[**] District
Judge.

---

[*] The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

[**] The Honorable Roger L. Hunt, United States
District Judge for the District of Nevada, sit-
ting by designation.

## MEMORANDUM***

Seini and Kolotolu Liti ("the Litis") appeal the denial of their motions for litigation costs and sanctions against the Commissioner of Internal Revenue ("Commissioner"). The Litis assert that the Tax Court erred in denying their motion for litigation costs, filed pursuant to Internal Revenue Code § 7430, 26 U.S.C. § 7430. The Litis also contend that the Tax Court erred in summarily denying their motion for sanctions against the Commissioner, pursuant to I.R.C. § 6673, 26 U.S.C. § 6673(a)(2). The Litis argue that the Tax Court erred by holding that the IRS was "substantially justified" in filing fraud charges against the Litis, thus preventing an award for litigation costs and sanctions.

### I.

Previously we vacated the Tax Court's initial order, denying the Litis' motion, and remanded so that the Tax Court could provide a fuller explanation of its reasoning. *Liti v. Comm'r*, 289 F.3d 1103, 1104–05 (9th Cir.2002). The Tax Court issued its revised decision, for a second time, and the Litis timely appealed.

### II.

#### A. The Tax Court's decision on remand

This court, in its opinion regarding the taxpayers' first appeal, noted that it could not properly review a Tax Court order for abuse of discretion if the lower court provided it only with sparse, conclusory statements. *Liti*, 289 F.3d at 1105. Accordingly, the case was remanded and the Tax Court was directed to provide an explanation of "the reasons for the decision under review." *Id.*

*** This disposition is not appropriate for publication and can not be cited to or by the courts

The Tax Court, in its January 27, 2003 order, sets out a list of factors that support a possible finding of fraud. These factors include "substantial understatement of income, failure to maintain adequate books and records, dealing in cash, failure to cooperate with tax authorities, and implausible or inconsistent explanations of behavior." The Tax Court found that the record in this case established that the taxpayers under reported their income for 1995 and 1996, deposited business funds in personal accounts, failed to maintain records, paid numerous workers with cash, and failed to provide their return preparer with accurate information.

Thus, the Tax Court complied with this court's remand and provided a reasoned explanation for its decision that the IRS was substantially justified in asserting fraud against the Litis.

#### B. Motion for attorney's fees and costs under 26 U.S.C. § 7430

In order for the Commissioner to establish fraud under 26 U.S.C. § 6663, he must establish fraudulent intent. Because fraudulent intent is rarely established by direct evidence, this court has inferred intent from various kinds of circumstantial evidence. These "badges of fraud" include: (1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities. *Bradford v. Comm'r*, 796 F.2d 303, 307–08 (9th Cir.1986) (citations omitted). Evidence of more than one "badge of fraud" in any given case warrants an inference that fraud has been committed. *McGee v. Comm'r*, 519 F.2d 1121, 1126 (5th Cir.1975).

of this circuit except as provided by 9th Cir. R. 36–3.

Whether the government's position is "substantially justified" or is "unreasonable" are both fact-bound questions, of which much more is likely to be known to the trial court than to an appellate court. *Estate of Merchant v. Comm'r*, 947 F.2d 1390, 1393 (9th Cir.1991) (citation omitted). Therefore, when reviewing a judgment by the Tax Court under the abuse of discretion standard, we focus "on the reasons given by that court for its determination that the Commissioner's position was not unreasonable." *Zinniel v. Comm'r*, 883 F.2d 1350, 1356 (7th Cir.1989).

 In the instant appeal, the Tax Court was presented with several "badges of fraud." The Tax Court found that the record established that the taxpayers under reported their income for 1995 and 1996, deposited business funds in personal accounts, failed to maintain records, paid numerous workers with cash, and failed to provide their return preparer with accurate information. Accordingly, in reviewing the opinion of the Tax Court in conjunction with the record, we conclude that the Tax Court did not commit an abuse of discretion in denying the Litis' motion for attorney's fees and costs.

### C. Motion for sanctions

The focus of our inquiry whether the Tax Court erred in denying the Litis' motion for sanctions centers on the decision of the Tax Court. Sanctions are permissible when it appears that proceedings before the Tax Court have been "multiplied ... unreasonably and vexatiously ..." 26 U.S.C. § 6673(a)(2).

The Tax Court stated, "[b]ecause we conclude that [the Commissioner's] position was substantially justified, we also conclude that petitioners are not entitled to an award of sanctions ..."

Appellants have specifically asserted that they are at least entitled to a hearing before the Tax Court ruled on its motion for sanctions. The Tax Court has broad discretion to decline to hold an evidentiary hearing on that motion. *See Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir.1996). In order to have been entitled to a hearing, appellants must show that the record was insufficient to allow for a decision on the motion, and that they would have been actually and substantially prejudiced by the lack of the hearing. *Id.; Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir.1980) (per curium).

There are numerous facts in the record and the opinion that justify the Tax Court reaching its decision to refrain from awarding sanctions. The Tax Court felt that counsel for the Commissioner did not multiply or unreasonably and vexatiously prolong the proceedings which took place during a one-day bench trial.

 By relying upon the facts in the record and observing the trial proceedings, the Tax Court did not abuse its discretion in proclaiming the Commissioner "substantially justified" and refusing to award sanction fees in favor of the Litis.

AFFIRMED.