**Gilbert VASQUEZ, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 07–70298.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2008.*

Filed June 24, 2008.

They became United States citizens in 2003.

Jeffrey D. Moffatt, Landcaster, CA, for Petitioner–Appellant.

Robert R. Di Trolio, Karen G. Gregory, Randolph L. Hutter, Eileen J. O'Connor, U.S. Department of Justice, Tax Division/Appellate Section, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## MEMORANDUM **

Gilbert Vasquez appeals the decision of the Tax Court denying his motion for litigation costs under I.R.C. § 7430.[1] Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. This court has jurisdiction to hear appeals from the Tax Court under I.R.C. § 7482(a)(1). This court reviews the Tax Court's decision to grant or deny litigation costs under I.R.C § 7430 for abuse of discretion. *Liti v. Comm'r*, 289 F.3d 1103, 1104 (9th Cir. 2002). Under that standard, we " 'reverse only if we have a definite and firm conviction that the [Tax Court] committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.' " *Id.* at 1104–05 (quoting *TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1468 (9th Cir.1993)).

I.R.C. § 7430 provides for an award of "reasonable litigation costs" to "the prevailing party" in tax litigation suits. I.R.C. § 7430(a). A litigant cannot meet the definition of "prevailing party" if "the United States establishes that the position of the United States in the proceeding was substantially justified." I.R.C. § 7430(c)(4)(B)(i). "Generally, the position of the United States in the judicial proceeding is established initially by the Government's answer to the petition," *Huffman v. Comm'r*, 978 F.2d 1139, 1148 (9th Cir.1992) (footnote omitted), and its position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" or has "a reasonable basis in both law and fact," *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

The Tax Court did not abuse its discretion in ruling that the United States was substantially justified in taking the position that Vasquez was not entitled to claim the earned income credit because Vasquez had failed to provide documentation substantiating his entitlement to that credit. Taxpayers are required to maintain sufficient records to substantiate all credits claimed on their tax returns. I.R.C. § 6001; Treas. Reg. § 1.6001–1(a). "Whenever there is a factual determination, [the Commissioner] is not obliged to concede the case until he receives the necessary documentation to prove petitioner's contention." *Brice v. Comm'r*, T.C. Memo. 1990–355 (1990), *aff'd* 940 F.2d 667 (9th Cir.1991) (unpublished). The evidence in the record does not give us the "definite and firm conviction" that the Tax Court erred in finding that Vasquez did not provide any substantiating documentation prior to his first motion in limine, well after respondent filed his answer.

Because we hold that the United States's position was "substantially justified," we need not address whether Vasquez exhausted his administrative remedies or established that he had actually incurred legal fees in the action.

AFFIRMED.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. All references are to the Internal Revenue Code of 1986, Title 26 of the United States Code (I.R.C.), as amended and in effect at the relevant time.