T.C. Memo. 2009-170

UNITED STATES TAX COURT

GARY W. SWANSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14032-06.                     Filed July 15, 2009.

<u>Vivian D. Hoard</u>, for petitioner.

<u>Brenda M. Fitzgerald</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  The instant matter is before the Court on
petitioner's amended motion for litigation costs under section
7430.[1]  The issue we must decide is whether petitioner is

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

entitled to litigation costs pursuant to sections 7430 and 6673(a)(2)(B). For the reasons stated herein, we find that petitioner did not submit a qualified offer, that respondent's position was substantially justified in opposing petitioner's claim of reasonable cause, and that respondent did not unreasonably multiply the proceedings in this case. Thus, we hold that petitioner is not entitled to an award of litigation costs. This Court ruled in favor of petitioner in Swanson v. Commissioner, T.C. Memo. 2009-31, and we incorporate herein the facts set forth in that opinion.

## Background

This case involves petitioner's 1983 tax year. Petitioner invested in California Jojoba Ventures (California Jojoba), a jojoba plant partnership, in 1983. Petitioner was required to invest $19,250. Petitioner invested $5,000 of his own money and signed a promissory note for the remaining $14,250. Shortly thereafter California Jojoba requested additional funding from its partners, but petitioner refused to contribute any additional funds. Petitioner claimed a $13,017 net loss from California Jojoba on Schedule E, Supplemental Income Schedule, attached to his Form 1040, U.S. Individual Income Tax Return, for 1983.

On October 3, 1991, respondent sent a notice of final partnership administrative adjustment (FPAA) for the 1983 taxable year to the tax matters partner of California Jojoba. The FPAA

disallowed claimed research and development costs and disallowed $443,198 of California Jojoba's claimed loss.

A petition on behalf of California Jojoba was filed on December 23, 1991. On November 1, 1993, the parties in Cal. Jojoba Investors v. Commissioner, docket No. 29993-91, filed a stipulation to be bound setting forth their agreement that the outcome of this case was to be determined by the result reached in Utah Jojoba I Research v. Commissioner, docket No. 7619-90. On January 5, 1998, the Court issued an opinion in that case sustaining respondent's adjustments, and a decision was entered on January 8, 1998. See Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6 (Utah Jojoba I).

On February 25, 1999, respondent filed a motion for entry of decision or to appoint a tax matters partner in the case at docket No. 29993-91, asserting that pursuant to the stipulation to be bound, a decision should be entered in accord with the Court's holding in Utah Jojoba I or, in the alternative, that a new tax matters partner be appointed.

On April 11, 2005, the Court's order to show cause was deemed absolute, and respondent's motion for entry of decision was granted. The Court further ordered that the partnership item adjustments for California Jojoba's 1983 taxable year were correct as determined and set forth in the FPAA dated October 3, 1991.

Respondent examined petitioner's 1983 tax return and disallowed the claimed loss relating to petitioner's investment in California Jojoba. On April 17, 2006, respondent issued the affected items notice of deficiency with respect to petitioner's 1983 tax year imposing the section 6653(a)(1) and (2) additions to tax. On July 21, 2006, petitioner timely filed a petition with this Court alleging that respondent erred in imposing the additions to tax.[2] A trial was held on December 13, 2007, at the Court's trial session in Atlanta, Georgia. Petitioner, in addition to arguing that he was not negligent in his reporting of the California Jojoba loss on his income tax return, argued at trial and on brief that he was not liable for section 6621 tax-motivated interest.

In Swanson v. Commissioner, supra, we held that petitioner was not liable for the section 6653(a)(1) and (2) negligence additions to tax, but we found that we did not have jurisdiction to determine whether petitioner was liable for the section 6621 tax-motivated interest. On February 11, 2009, a decision was entered implementing the findings of Swanson.

On March 16, 2009, petitioner filed a motion for litigation costs pursuant to Rule 230 and sections 7430 and 6673(a)(2)(B). On March 23, 2009, we issued an order vacating our decision.

---

[2]On Sept. 5, 2007, petitioner filed his petition in docket No. 20151-07 for a review of respondent's refusal to abate interest pursuant to sec. 6404.

On April 2, 2009, petitioner filed an amended motion for litigation costs. Petitioner's amended motion provides that petitioner has paid $5,351.63 in fees and expenses. Petitioner's amended motion requests that we: (1) Assess litigation costs against respondent in the amount of $250 per hour plus expenses; (2) award costs and fees to petitioner in the amount of $5,351.63 for fees already paid; and (3) award costs to petitioner's counsel in the amount of $46,888.33. On May 27, 2009, respondent filed a response and objection to petitioner's amended motion for litigation costs. Because the parties' pleadings provide the facts necessary to decide this motion, no hearing is necessary.

Discussion

Section 7430(a) authorizes the award to a prevailing party of reasonable litigation costs paid or incurred in a court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code. The taxpayer must establish that he: (1) Is the prevailing party; (2) has exhausted the available administrative remedies; (3) has not unreasonably protracted the court proceedings; and (4) has claimed litigation costs that are reasonable. Sec. 7430(a) and (b)(1), (3).

The moving party bears the burden of proving that these requirements are met. Rule 232(e). A taxpayer is generally the

prevailing party if the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues.  Sec. 7430(c)(4)(A).  Under section 7430(c)(4)(B), even if the taxpayer meets the requirements of a prevailing party under section 7430(c)(4)(A), the taxpayer will not be treated as a prevailing party if the Commissioner's position in the proceeding was substantially justified.

Under section 7430(c)(4)(E)(i), a party shall also be treated as the prevailing party if "the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g)."  The qualified offer provision of section 7430(c)(4)(E)(i) applies without regard to whether the Commissioner's position in the matter is substantially justified.  See Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 59 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003); Estate of Lippitz v. Commissioner, T.C. Memo. 2007-293.

A qualified offer is defined in section 7430(g)(1) as a written offer which:

> (A) is made by the taxpayer to the United States during the qualified offer period;

(B) specifies the offered amount of the taxpayer's liability (determined without regard to interest);

(C) is designated at the time it is made as a qualified offer for purposes of this section; and

(D) remains open during the period beginning on the date it is made and ending on the earliest of the date the offer is rejected, the date the trial begins, or the 90th day after the date the offer is made.

Petitioner's offer in effect was that he would pay the underlying liability and the statutory interest on the deficiency but would not have to pay the negligence additions to tax under section 6653 and tax-motivated interest pursuant to section 6621. Respondent argues that petitioner's offer was not a qualified offer because the offer included the section 6621 tax-motivated interest. Respondent contends that the inclusion of tax-motivated interest was incorrect because a qualified offer cannot include interest unless the taxpayer's liability for interest is a contested issue in an administrative or court proceeding.

As we found in Swanson v. Commissioner, T.C. Memo. 2009-31, we lacked jurisdiction in this proceeding to determine whether petitioner is liable for section 6621(c) tax-motivated interest. Respondent points to this finding and argues that because we lacked jurisdiction over that interest and because a qualified offer can include only items that are contested issues, petitioner's inclusion of tax-motivated interest renders his offer invalid.

Petitioner's offer provided that

> [Petitioner] makes this qualified offer pursuant to [section] 7430 to pay the underlying tax and any interest determined at the conclusion of a separate proceeding involving interest. Mr. Swanson does not owe negligence penalties. For the same reason, he would not owe any tax-motivated interest either.

Section 7430(g)(1)(B) provides that an offer which is a qualified offer specifies the offered amount of the taxpayer's liability determined without regard to interest. Section 301.7430-7(c)(3), Proced. & Admin. Regs., provides that the amount of a qualified offer must be with respect to all of the adjustments at issue in an administrative or court proceeding at the time the offer is made and only those adjustments. Accordingly, section 301.7430-7(c)(3), Proced. & Admin. Regs., provides that an offer will not be considered a qualified offer if it includes interest, unless interest is a contested issue.

We lacked jurisdiction in this deficiency case to determine whether petitioner was liable for tax-motivated interest pursuant to section 6621. See Swanson v. Commissioner, supra. Petitioner's offer did not constitute a qualified offer because it included interest over which we lacked jurisdiction. See sec. 301.7430-7(c)(3), Proced. & Admin. Regs. Petitioner has filed another petition with this Court challenging respondent's determination not to abate pursuant to section 6404(e) the section 6621(c) tax-motivated interest. See Swanson v. Commissioner, docket No. 20151-07. Accordingly, petitioner's offer was not a qualified offer.

Further, even if we were to treat petitioner's offer as a qualified offer, petitioner would not be treated as the prevailing party because petitioner's tax liability after our decision in Swanson v. Commissioner, T.C. Memo. 2009-31, was not less than his qualified offer. See sec. 7430(c)(4)(E)(i). Had respondent accepted petitioner's qualified offer, petitioner would not have been liable for either the section 6653 negligence penalty or the section 6621 tax-motivated interest. As a result of our decision in Swanson, petitioner was not liable for the section 6653 negligence penalty, but he remains liable for the section 6621 tax-motivated interest. Petitioner's liability after Swanson is thus higher than that contained in his qualified offer, and petitioner would not be treated as the prevailing party. See sec. 7430(c)(4)(E)(i).

Because petitioner did not submit a qualified offer, his request for litigation fees will fail if respondent establishes that respondent's position was substantially justified. See sec. 7430(c)(4)(B). Respondent argues that his position was substantially justified. In general, the Commissioner's position is substantially justified if, on all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). To be substantially justified, the

Commissioner's position must have a reasonable basis in both law and fact.  Pierce v. Underwood, supra.  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act).  Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'."  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The relevant inquiry is whether the Commissioner's position was reasonable given the known facts and circumstances at the time that the Commissioner took his position, as well as any applicable legal precedents.  Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The position of the United States under consideration with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition.  Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991).  Respondent has maintained the same position throughout:  that petitioner was negligent in his reporting of the jojoba partnership loss.  See Maggie Mgmt. Co. v. Commissioner, supra at 442.

Respondent argues that his position was reasonable in the light of then-existing legal precedent.  Respondent further

contends that the facts could have supported a finding that petitioner was negligent. Respondent points to his arguments at and after the trial that petitioner's lack of experience and his knowledge of potential tax benefits required him to obtain an additional opinion on the investment. Respondent contends that those facts could have supported a finding of negligence in view of caselaw at the time this case was tried.

Respondent's position was reasonable throughout the time he took it and maintained it given the known facts and circumstances. See Hennessey v. Commissioner, T.C. Memo. 2007-131, affd. without published opinion 102 AFTR 2d 2008-6750, 2008-2 USTC par. 50,623 (5th Cir. 2008); Vasquez v. Commissioner, T.C. Memo. 2007-6, affd. 284 Fed. Appx. 381 (9th Cir. 2008). A reasonable person could think that respondent's position was correct on the basis of precedent at that time. Other jojoba partnership cases with similar but not identical facts have resulted in the negligence additions to tax being upheld. See, e.g., Helbig v. Commissioner, T.C. Memo. 2008-243; Heller v. Commissioner, T.C. Memo. 2008-232; Welch v. Commissioner, T.C. Memo. 2002-39; Christensen v. Commissioner, T.C. Memo. 2001-185; Serfustini v. Commissioner, T.C. Memo. 2001-183; Nilsen v. Commissioner, T.C. Memo. 2001-163; Hunt v. Commissioner, T.C. Memo. 2001-15; Glassley v. Commissioner, T.C. Memo. 1996-206.

Accordingly, respondent's position was substantially justified, and petitioner is not entitled to litigation costs. See sec. 7430(c)(4)(B)(i); <u>Hennessey v. Commissioner</u>, <u>supra</u>; <u>Vasquez v. Commissioner</u>, <u>supra</u>.

Petitioner also seeks fees pursuant to section 6673(a)(2)(B), which allows this Court to award attorney's fees and costs when an attorney appearing on behalf of the Commissioner of Internal Revenue has multiplied the proceedings in any case unreasonably and vexatiously. Respondent's counsel has not multiplied the proceedings in this case unreasonably, and petitioner is not entitled to fees pursuant to section 6673(a)(2)(B).

Based on the foregoing,

<u>An appropriate order and decision will be reentered</u>.