**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT B. HELLER and JANET E. HELLER,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　Respondent. | No. 09-70425<br><br>Tax Ct. No. 13656-06<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted October 8, 2010[**]
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

Taxpayers Robert and Janet Heller appeal the decision of the Tax Court that,

based on disallowance of their claimed losses from investment in a jojoba bean

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

partnership, they are subject to tax additions for negligence for tax years 1983, 1984, and 1985 and a substantial understatement addition for tax year 1983.

The Hellers argue they reasonably relied on the advice of their certified public accountant ("CPA") and Mr. Heller's own research and thus were not negligent. We review the Tax Court's findings of fact, including its findings of negligence, for clear error. Little v. Comm'r, 106 F.3d 1445, 1449 (9th Cir. 1997). "We defer to the expertise which the Tax Court brings to bear on complex factual situations", Church by Mail, Inc. v. Comm'r, 765 F.2d 1387, 1390 (9th Cir. 1985), and we acknowledge here that the Tax Court had the benefit of a trial in making its factual findings.

The Tax Court properly cited Ninth Circuit precedent that a negligence determination "depends upon both the legitimacy of the underlying investment, and due care in the claiming of the deduction." Sacks v. Comm'r, 82 F.3d 918, 920 (9th Cir. 1996). The Tax Court reasonably relied upon a previous case binding on all partners in the Contra Costa Jojoba Research Partners in finding that the investment underlying this appeal "lacked legitimacy from its inception." Robert B. and Janet E. Heller v. Comm'r, T.C. Memo 2008-232 at 8. It further found "the R&D agreement was designed and entered into solely to provide a mechanism to

disguise the capital contributions of the limited partners as currently deductible expenditures". Id.

Once the Commissioner has made a finding of negligence, the burden is on the taxpayers to show they exercised due care. Howard v. Comm'r, 931 F.2d 578, 582 (9th Cir. 1991). Due to the "dearth of evidence in the record" and the "vague" nature of Mr. Heller's testimony before the Tax Court, the Tax Court did not err in concluding that Mr. Heller had not met his burden. Robert B. and Janet E. Heller v. Comm'r, T.C. Memo 2008-232 at 10-11. Mr. Heller was the only witness at trial, and unlike in many similar cases, the Hellers' CPA was not deceased at the time of trial–the reason for his absence is not known. Id. at 10 n.3. The Tax Court, "owing to a lack of evidence offered by [the Hellers]" was "not convinced that a fully informed competent tax professional ever advised them regarding the propriety of their claimed" deductions. Id. at 12. The Tax Court further noted this was "particularly troublesome in this case considering that [the Hellers] invested $11,000 . . . and that same year claimed a $25,000 deduction". Id. The Tax Court did not err in so finding, and we affirm the Tax Court's decision as to the negligence additions.

Next, the Hellers argue they are entitled to a good faith waiver of the substantial understatement penalty. Before the Tax Court, the Hellers "state[d]

3

without supporting argument that they are not liable" for the substantial understatement addition. <u>Robert B. and Janet E. Heller v. Comm'r</u>, T.C. Memo 2008-232 at 12. On appeal, the Hellers rely on their argument that they exercised due care in claiming the deduction to support their claim that they are entitled to a reasonable cause and good faith waiver of the substantial understatement addition. Because that argument fails, and because the Hellers raised no additional arguments in support of their good faith waiver argument, we affirm the Tax Court's decision that they are properly subject to the substantial understatement addition.

The Hellers argue that stacking penalty interest and the negligence additions violates the anti-stacking statute. We review questions of law, including statutory interpretation, *de novo.* <u>Polone v. Comm'r</u>, 505 F.3d 966, 970 (9th Cir. 2007). The anti-stacking statute applied only to tax returns due after December 31, 1989. Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7721(d), 103 Stat. 2106, 2400. The statute is not applicable, and the Hellers are properly subject to both the negligence addition and the interest penalty.

Finally, the Hellers argue that the Tax Court abused its discretion in denying their motion for a new trial based on inadequate notice. The Hellers provided no evidence of their claimed non-receipt of notice. In their motion for a

new trial, the Hellers provided no persuasive justification for their failure to offer evidence at an earlier time. The Tax Court did not abuse its discretion in denying the motion for a new trial.

**AFFIRMED.**