T.C. Memo. 2011-103

UNITED STATES TAX COURT

THOMAS H. AND JANICE J. SCROGGINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13023-09.                    Filed May 18, 2011.

     R issued a notice of deficiency determining
deficiencies in Ps' Federal income tax and accuracy-related
penalties pursuant to sec. 6662(a), I.R.C., for Ps' 2004,
2005, and 2006 tax years.  The tax deficiencies relate
primarily to a dispute as to petitioner husband's tax
residence.

     <u>Held</u>:  Ps are liable for a portion of each deficiency
to the extent decided herein.

     <u>Held</u>, <u>further</u>:  Ps are liable for the applicable
accuracy-related penalties.

<u>Louis Samuel</u>, for petitioners.

<u>Eugene Kim</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of petitioners' liabilities for income tax and accuracy-related penalties for 2004, 2005, and 2006 as determined by respondent.  After a concession by respondent,[1] the issues left for decision are:

(1) Whether petitioner husband's tax home is in Georgia or California;

(2) whether petitioners are entitled to deductions claimed on Schedule C, Profit or Loss from Business, for lease expenses of $7,583, $6,986, and $7,787 for the 2004, 2005, and 2006 tax years, respectively;

(3) whether petitioners are entitled to Schedule C deductions for car and truck expenses of $4,580, $6,137, and $7,985 for the 2004, 2005, and 2006 tax years, respectively;

(4) whether petitioners are entitled to Schedule C deductions for travel expenses of $3,220, $62,120, and $62,040 for the 2004, 2005, and 2006 tax years, respectively;

(5) whether petitioners are entitled to Schedule C deductions for meals and entertainment expenses of $4,110 and $9,570 for the 2005 and 2006 tax years, respectively;

---

[1]Responded conceded that petitioners did not receive any unreported Schedule C "Gross Receipts or Sales" during the 2004, 2005, and 2006 taxable years.

(6) whether petitioners are entitled to deductions claimed on Schedule A, Itemized Deductions, of $37,290 for the 2004 tax year;[2] and

(7) whether petitioners are liable for section 6662(a) accuracy-related penalties for the 2004, 2005, and 2006 tax years.[3]

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulation of settled issues, the stipulated facts, and the accompanying exhibits are hereby incorporated by this reference.  At the time petitioners filed their petition, petitioner husband (Mr. Scroggins) resided in California and petitioner wife (Ms. Scroggins) resided in Georgia.  Petitioners did not testify at trial, and the only evidence submitted in this case consists of the stipulated facts and exhibits.

---

[2]Petitioners did not contest respondent's $38,586 adjustment of Schedule A deductions except for the $37,290 portion thereof relating to petitioner husband's tax home.  Therefore, we deem those adjustments unconnected with petitioner husband's tax home conceded.  See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986) (citing Rule 142(a) for the proposition that because "petitioners have made no argument with respect to * * * deductions claimed * * * [, they] are deemed to have conceded their nondeductibility"), affd. 832 F.2d 403 (7th Cir. 1987).

[3]All section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners filed joint Forms 1040, U.S. Individual Income Tax Return, for the 2004, 2005, and 2006 tax years, listing Mr. Scroggins' occupation as "Medical Consultant" and Ms. Scroggins' occupation as "Civil Service". Petitioners, on the Forms 1040, both indicate their home is in Warner Robins, Georgia. Petitioners filed California nonresident income tax returns for the 2004, 2005, and 2006 tax years and Georgia individual income tax returns for the 2004, 2005, and 2006 tax years.

According to Mr. Scroggins' bank records, Mr. Scroggins banked at Robins Federal Credit Union of Warner Robins, Georgia, throughout 2004 and used automatic teller machines (ATMs) in Florida from January through March 2004. Those records show that Mr. Scroggins used ATMs in California exclusively for the rest of 2004. Mr. Scroggins' whereabouts are further explained by his 2004 Forms W-2, Wage and Tax Statement. In 2004 Mr. Scroggins received Forms W-2 from Huntington Beach Hospital in Huntington Beach, California, Crestview Hospital Corporation in Crestview, Florida, and Valley Presbyterian Hospital in Van Nuys, California.

Mr. Scroggins' 2005 ATM banking activities demonstrate that he was primarily in California. Not once did Mr. Scroggins use an ATM in Georgia. For the 2005 tax year Mr. Scroggins received a Form 1099-MISC, Miscellaneous Income, from Valley Presbyterian Hospital in Van Nuys, California. Mr. Scroggins' ATM banking

activities reflect that he was primarily in California in 2006; however, from February 12 through 14, 2006, two transactions occurred in Georgia. Mr. Scroggins received Forms 1099-MISC in 2006 from Novia Solutions LNC in Poway, California, and Valley Presbyterian Hospital in Van Nuys, California.

Mr. Scroggins leased an apartment from Arroyo Villa Apartments in Thousand Oaks, California, from June 4, 2004, through January 31, 2008, in rental periods of 6 months.

Ms. Scroggins' bank records show that she was primarily in Georgia throughout 2004, 2005, and 2006.

On March 10, 2009, respondent issued petitioners a statutory notice of deficiency determining income tax deficiencies of $12,657, $33,300, and $34,725 and section 6662(a) accuracy-related penalties of $2,531, $6,660, and $6,945 for the 2004, 2005, and 2006 tax years, respectively. Petitioners timely filed a petition with this Court on May 29, 2009. A trial was held in Los Angeles, California, on June 14, 2010.

OPINION

I. Burden of Proof

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof as to a factual issue that

affects the taxpayer's tax liability may be shifted to the Commissioner. This occurs where the "taxpayer introduces credible evidence with respect to * * * such issue", and the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Code and "maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a). Petitioners did not argue that the burden should shift, and they failed to maintain required records or comply with the substantiation and cooperation requirements. Accordingly, the burden of proof remains on petitioners.

## II. Expense Deductions

### A. General Rules

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of their income and entitlement to any deductions or credits claimed. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is ordinary for purposes of section 162 if it is normal

or customary within a particular trade, business, or industry, and is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In contrast, "personal, living, or family expenses" are generally nondeductible.  Sec. 262(a).

In certain circumstances, the taxpayer must meet specific substantiation requirements to be allowed a deduction under section 162.  See, e.g., sec. 274(d).  The heightened substantiation requirements of section 274(d) apply to:  (1) Any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) any expense for gifts; or (4) the use of "listed property", as defined in section 280F(d)(4), including any passenger automobiles.

In order to deduct such expenses, the taxpayer must "substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement":  (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment, amusement, recreation, or use of the property; (3) the business purpose of the expense or other item; and (4) the business relationship to the taxpayer of the persons entertained or receiving the described gift.  Sec. 274(d).

To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence created at or near the time of the expenditure to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

B.   Mr. Scroggins' Tax Home

Most of the issues in this case stem from respondent's determination that Mr. Scroggins' tax home was in California for the years at issue.  In order to deduct travel expenses, petitioners must show that Mr. Scroggins' expenses are ordinary and necessary, that he was away from home on business when he incurred the expense, and that the expense was incurred in pursuit of a trade or business.  See sec. 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946).  Claiming that Mr. Scroggins' tax home was in Georgia, during the extended period he worked in California, petitioners deducted almost all of the living expenses he incurred for the 3 years at issue.

The expenses in dispute were not incurred while Mr. Scroggins was away from his tax home. All three conditions discussed above must be satisfied for a taxpayer to be entitled to the deduction. Commissioner v. Flowers, supra at 470. Commuting expenses "are not considered as business expenses and are not deductible". Id.

This Court has interpreted a taxpayer's "home" under section 162 to mean his principal place of employment and not where his personal residence is located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). However, we have also recognized an exception to this general rule in situations where the taxpayer is away from his home on a temporary rather than indefinite or permanent basis. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Petitioners assert that Mr. Scroggins falls within this exception.

When a taxpayer seeks employment away from his personal residence, the Court of Appeals for the Ninth Circuit, to which this case is appealable, in Neal v. Commissioner, 681 F.2d 1157 (9th Cir. 1982), affg. T.C. Memo. 1981-407, explicitly adopted the following reasoning from Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982):

> While it is assumed that a person will live near the place of employment, it is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration. If, on the other

hand, the prospect is that the work will continue for an indefinite or substantially long period of time, the travel expenses are not deductible.

Mr. Scroggins was employed exclusively in California, with the exception of a short stint in Florida, for all of the years at issue.[4]  It was reasonably known to Mr. Scroggins that he would be employed for a very long time away from Georgia. Petitioners' pretrial memorandum admits that the type of work which Mr. Scroggins engaged in was highly specialized and "[i]t was not that this type of work was very limited in Warner Robins and the surrounding areas, it was that this type of work did not exist in that area and he could only find employment or work in his specialty in other locations that contained large hospitals with large operating rooms."  Therefore we find that it was not "very likely that * * * [Mr. Scroggins'] stay away from home will be short" and conclude that Mr. Scroggins' tax home was in California.  See Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. and remanding 32 T.C. 1368 (1959).

Further, Mr. Scroggins "had no business reason for his tax home to be in [Georgia]."  Minick v. Commissioner, T.C. Memo. 2010-12.  Mr. Scroggins' decision to keep his family at their previously established residence is motivated by personal reasons

_____

[4]We need not separately determine whether, as may be the case, Mr. Scroggins was away from home while he was working in Florida and therefore possibly allowed to deduct those traveling expenses, because as discussed below, petitioners did not present any evidence to substantiate any of the expenses incurred.

since he "has no business ties to the area of that residence and * * * the prospects for employment in his chosen profession are better away from the area than in it." Minick v. Commissioner, supra (citing Tucker v. Commissioner, 55 T.C. 783, 786-787 (1971)).

Although petitioners' counsel explained that Ms. Scroggins' employment was nontransferable, requiring her to remain in Georgia, this contention is not dispositive. The travel expense deductions in question were not incurred in her business activities. See Minick v. Commissioner, supra. Where spouses have careers in different locations, "Each must independently satisfy the requirement that deductions taken for travel expenses incurred in the pursuit of a trade or business arise while he or she is away from home." Hantzis v. Commissioner, 638 F.2d 248, 254 n.11 (1st Cir. 1981), revg. T.C. Memo. 1979-299.

Because we have found that Mr. Scroggins' tax home was in California for the years at issue, he is not entitled to deduct any of his personal expenses for lodging or meals while in California.[5] Petitioners are also not entitled to deduct Mr. Scroggins' commuting costs in California. We note that generally

---

[5]Petitioners' counsel places great emphasis on the fact that the States of California and Georgia accepted their State tax returns as filed. We remind petitioners' counsel that this Court is concerned with the Federal tax laws and not State tax issues. See, e.g., Linton v. United States, 630 F.3d 1211, 1220, n.7 (9th Cir. 2011) ("Of course, though necessarily informed by state law, federal law is not beholden to the technicalities of state law in assessing federal tax liability.").

taxpayers may not "deduct the daily cost of commuting to and from work, as such expense is considered to be personal and nondeductible." Brockman v. Commissioner, T.C. Memo. 2003-3 (citing Commissioner v. Flowers, 326 U.S. at 473-474).

    C.    Schedule C Deductions for Lease Expenses, Car and Truck Expenses, Other Travel Expenses, Meals and Entertainment

Even assuming arguendo that Mr. Scroggins' tax home was in Georgia, the result would be no different. Petitioners have failed to meet their burden of substantiation with respect to all of the expense deductions.

The heightened or strict substantiation requirements of section 274(d), discussed above, apply to travel expenses and meals and entertainment expenses. All of the disallowed expense deductions seem to be from Mr. Scroggins' stay in California or for meals and entertainment.[6] To satisfy section 274(d) petitioners must present sufficient evidence in addition to testimony to satisfy the three aspects of this requirement: (1) The amount, (2) the time and place, and (3) the business purpose of each expenditure. See sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985). "Congress has chosen to impose a rigorous test of deductibility in the area of travel expenses. Each of the foregoing elements must be proved for each separate expenditure. General vague proof, whether

---

[6]Because petitioners did not testify, we simply do not know what the deductions were for.

offered by testimony or documentary evidence, will not suffice."
Smith v. Commissioner, 80 T.C. 1165, 1171-1172 (1983).  Evidence
which is vague or significantly incomplete is not credible.
Harris v. Commissioner, T.C. Memo. 2010-248.  Petitioners did not
testify, there are almost no receipts in evidence, and there is
absolutely no explicit explanation of the business purpose of any
of the expenditures.[7]  In fact petitioners' opening brief
candidly acknowledges that "husband-petitioner cannot
substantiate his travel expense while away from home on
business."  General statements regarding his California work and
Georgia home are not sufficient under section 274.

In his opening brief, petitioners' counsel contended that
certain listed "away from home expenses while on business are
considered to be both reasonable and accurate".  These estimates
of the costs of Mr. Scroggins' stays in motels, utilities, meals,
and mileage were asserted without submitting any additional
evidence to confirm the amount of the expenses.  We are
especially perplexed given this Court's warning at trial about
section 274 and the regulations there under regarding travel
expenses.  Petitioners have failed to meet their burden of

---

[7]While petitioners did include a few monthly statements for
Mr. Scroggins' American Express bill for 2005 with highlighted
charges to Delta Airlines, we do not know where these trips were
to or whether they were business or personal.  Petitioners also
included a letter from Arroyo Villa Apartments listing the dates
and amounts charged during Mr. Scroggins' tenancy.

substantiation with respect to all of the disputed expense deductions.

### D. Schedule A Itemized Deductions

With their 2004 tax return, petitioners included Schedule A listing total deductions of $54,438, consisting in principal part, for this year only, of $40,730 under "SEE FORM 2106/2106-EZ". On Form 2106-EZ, Unreimbursed Employee Business Expenses, petitioners listed $37,290 under "Travel expense while away from home overnight, including lodging, airplane, car rental, etc." Respondent disallowed $38,586 of the Schedule A deductions. Once again, because Mr. Scroggins' tax home was in California for the years at issue and petitioners did submit sufficient evidence to substantiate these expenses, they are not entitled to the disallowed deduction.

## III. Section 6662(a) Penalties

Respondent determined that petitioners are liable for section 6662(a) accuracy-related penalties for their 2004, 2005, and 2006 tax years. Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a taxpayer's liability for a penalty and is, therefore, required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." See Higbee v. Commissioner, 116 T.C. 438, 446 (2001); see also Swain v. Commissioner, 118 T.C. 358, 364-365 (2002). However, "once the

Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect." Higbee v. Commissioner, supra at 447.

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b). Respondent asserts two causes justifying the imposition of the penalty: A substantial understatement of income tax and negligence. Sec. 6662(b)(1) and (2).

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the tax year or (2) $5,000. Sec. 6662(d)(1)(A). "[N]egligence" is "any failure to make a reasonable attempt to comply with the provisions of this title" (i.e., the Internal Revenue Code). Sec. 6662(c). Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate:  (1) Reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  Regulations promulgated under section 6664(c) provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances".  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent met his burden of production under both causes, and petitioners did not testify at trial to address the section 6662(a) penalties.  Petitioners presented no evidence that they had reasonable cause for any portion of any underpayment.  See Basile v. Commissioner, T.C. Memo. 2005-51 ("Because petitioners did not contest the additions to tax or penalties in the petitions, they are deemed conceded." (citing Rule 34(b)(4) and Swain v. Commissioner, supra)).[8]  Petitioners, while contesting

---

[8]At trial petitioners' attorney stated that "Petitioners do not prepare their own returns, and neither Mr. or Mrs. Scroggins has any accounting experience or booking experience or anything like that, they rely solely on the advice of the preparer".  While good-faith reliance on professional advice may provide a basis for a reasonable cause defense, without petitioners' explanation this Court cannot determine whether:  All relevant facts were provided to the preparer; whether reasonable cause existed; or whether petitioners reasonably and actually relied, in good faith, on a preparer.  See Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs.  Further, we have "found reliance to be unreasonable where a taxpayer claimed to have relied upon an independent adviser because the adviser either did not testify or testified too
(continued...)

- 17 -

the penalties, have never specifically pleaded that there was reasonable cause for any negligence or substantial understatement of income tax.  In any event, petitioners have not met the applicable three-part test of <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002) and, therefore, have not established reasonable cause for any alleged negligence or substantial understatement of income tax.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

<hr>

[8](...continued)
vaguely to convince us that the taxpayer was reasonable in relying on the adviser's advice".  <u>Swanson v. Commissioner</u>, T.C. Memo. 2009-31; see also <u>Heller v. Commissioner</u>, T.C. Memo. 2008-232 ("there [was] no evidence in the record as to the specific nature of * * * [the professional's] advice"), affd. 403 Fed. Appx. 152 (9th Cir. 2010).  Petitioners' failure to introduce evidence "which, if true, would be favorable to [them], gives rise to the presumption that if produced it would be unfavorable".  <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).